IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGY CO., LTD,<br><br>    Defendant. | § § § § § § § § § § § § § | CASE NO. 6:20-cv-01021<br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or "Brazos"), by and through its attorneys, files this Complaint for Patent Infringement against defendant TP-LINK Technology Co., Ltd. ("Defendant" or "TP-Link") and hereby alleges as follows:

## I. NATURE OF ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including §§ 271, 281, 283, 284, and 285. This action is brought to end Defendant's unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Brazos's patented invention.

2. Brazos is the owner of all rights, title, and interest in and to US Patent No. 9,548,977 (the "'977 Patent" or the "Patent") including all rights to recover for all past and future infringement thereof.

3. Upon information and belief, Defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of Brazos's Patent, by,

1

among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States and the State of Texas, products that are covered by one or more claims of Brazos's Patent and inducing such conduct by others.

4. Defendant manufactures, provides, sells, offers for sale, imports, and/or distributes Infringing Products (as defined herein) and services; and/or induces others to make and use of its Infringing Products and services in an infringing manner; and/or contributes to the making and use of Infringing Products and services by others, including its customers, who directly infringe the Patent.

## II. THE PARTIES

5. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

6. Upon information and belief, Defendant TP-LINK Technology Co., Ltd. is a corporation organized and existing under the laws of China, with a place of business located at South Building, No. 5 Keyuan Road, Science and Technology Park, Nanshan District, Shenzhen, Peoples Republic of China.

7. TP-LINK Technology Co., Ltd. may be served with process by serving the Texas Secretary of State, James E. Rudder Building, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute. This action arises out of that business.

8. Defendant manufactures and distributes electronics. Defendant, either itself and/or through the activities of its subsidiaries or agents, makes, uses, sells, offers for sale, and/or imports

throughout the United States, including within this District, computer networking products that infringe the Asserted Patent, defined below.

### III.     JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Alternatively, this Court has jurisdiction over Defendant under Fed. R. Civ P. 4(k)(2) ("Federal Claim Outside State-Court Jurisdiction").

10. This Court has specific and general personal jurisdiction over TP-Link pursuant to due process and/or the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, because (1) TP-Link has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and this Judicial District; (2) TP-Link has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling accused products in Texas, and/or importing accused products into Texas, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein.

11. The Court's exercise of jurisdiction over TP-Link would not offend traditional notions of fair play and substantial justice because TP-Link has established minimum contacts with the forum. For example, on information and belief, TP-Link has committed acts of infringement in this Judicial District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and/or services that infringe the Asserted Patent, as alleged herein. TP-Link has purposefully and voluntarily placed infringing products into the stream of commerce by shipping infringing products through established distribution channels into the State of Texas, knowing or expecting that the Infringing Products would be shipped into Texas.

12. Upon information and belief, TP-Link has continuous and systematic business contacts with the State of Texas. TP-Link, directly and/or through affiliates and/or intermediaries, conducts its business extensively throughout the State of Texas, by shipping, importing, manufacturing, distributing, offering for sale, selling, and/or advertising its products and services in the State of Texas and this Judicial District. TP-Link interacts with subsidiaries, distributors, resellers and/or customers who sell the infringing products into Texas, knowing or expecting that these subsidiaries, distributors, resellers and/or customers will then sell the Infringing Products into the State of Texas, either directly or through intermediaries.

13. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(c)(3) which provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b). TP-Link has transacted business in this Judicial District and has committed acts of direct and indirect infringement in this Judicial District by, among other things, importing, offering to sell, and selling products that infringe the Patent.

15. Upon information and belief, TP-Link designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States products that infringe the Asserted Patent, directly and or through intermediaries, as alleged herein. TP-Link markets, sells, and/or offers to sell its products and services, including those accused herein of infringement, to actual and potential customers and end-users located in the State of Texas and in this Judicial District, as alleged herein.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 9,548,977

16. Brazos re-alleges and incorporates by reference the preceding paragraphs **Error! Reference source not found.**–15 of this Complaint.

17. On January 17, 2017, the U.S. Patent & Trademark Office duly and legally issued U.S. Patent No. 9,548,977, entitled "System, method, and apparatus for performing reliable network, capability, and service discovery."

18. Brazos is the owner of all rights, title, and interest in and to the '977 Patent, including the right to assert all causes of action arising under the '977 Patent and the right to any remedies for the infringement of the '977 Patent.

19. For example, claim 1 of the '977 Patent states:

A method for performing network, capability, and service discovery, the method comprising:

providing, when an authentication is to be performed, for transmission of a request for signed access point information, wherein the request is provided, by a user equipment, for transmission prior to the authentication with an access point;

providing, when the authentication is not to be performed, for transmission of the request for the signed access point information, wherein the request is provided, by the user equipment, prior to associating with the access point,

wherein the signed access point information includes at least one of a service set identifier, a media access control address, a uniform resource identifier, a services list, a network access identifier realm list, or a fully qualified domain name list, the request for the signed access point information including a random number and at least a vendor-specific attribute according to the standard of Wi-Fi Alliance;

receiving, by the user equipment, a response comprising the signed access point information, the response being received in response to the request and including a signed identification, a signed capability, and a signed service information of the access point, the random number of the request, and at least the vendor specific attribute according to the standard of Wi-Fi Alliance for verification prior to authentication with the access point when authentication is performed or prior to associating with the access point when authentication is not performed; and

verifying, by the user equipment, the signed access point information using a digital certificate.

20. TP-Link's Accused Products meet every limitation of claim 1 of the '977 Patent, as well as other claims of the '977 Patent.

21. TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, networking products such as High-Speed Cable Modems, wireless routers, ADSL, range extenders, routers and switches, and other devices like IP cameras, powerline adapters, print servers, media converters, wireless adapters, power banks, mobile phones, and SMART home technology devices.

22. TP-Link makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this Judicial District, products that use features to provide data transmission and device priority to mobile units, including but not limited to TP-Link's AC1200 Wireless Dual Band Router Archer C50 and products that operate in a substantially similar manner (collectively, the "Accused Products").

23. The Accused Products are capable of providing an Efficient Guest Authentication with the Facebook feature. The Captive portal helps maintain only authorized guests to use the network, presenting devices with a convenient, user-friendly authentication method to grant Wi-Fi access. TP-Link instructs its users to use this functionality as follows:

[1]

24. The Accused Products are capable of providing the feature of Facebook Wi-Fi, an online signup server, which is a feature of Passpoint.

25. Passpoint automates the process of connecting to the network and enables seamless connection between Wi-Fi Hotspot and Mobile devices. The Passpoint Hotspot 2.0 specification provides the capabilities of Access Network Query Protocol (ANQP) elements.

26. ANQP allows enhanced queries before authentication, when authentication is to be performed and before association, when authentication is not to be performed.

27. ANQP forms the basis for 802.11u, an amendment to the IEEE 802.11 set of protocols for wireless local area network (WLAN) operation.

28. The Accused Products are capable of broadcasting the beacon frames indicating the ANQP embedded in Generic Advertisement Service (GAS) query.

29. The GAS request also consists of Dialog Token field. The Dialog Token field is used for matching action responses with action requests.

30. The Accused Products are capable of sending an ANQP embedded in IEEE 802.11 GAS Response Public Action Frame to user equipment, such as a mobile device. For example,

---

[1] https://www.tp-link.com/en/home-networking/wifi-router/archer-c50/

when a subscriber (e.g., mobile device) requests an AP using the ANQP, that subscriber receives a list of items that describe the services available, without having to commit to a network.

31. The ANQP elements include a services list, a network access identifier realm list, a domain name list as a part of signed access point information.

32. The ANQP embedded in IEEE 802.11 GAS Response Public Action Frame include vendor-specific attributes according to standard of Wi-Fi Alliance. The vendor-specific attribute is part of both requests as well as response frame.

33. The Dialog Token field is part of both requests as well as response frame.

34. The response includes a signed identification, a signed capability, and a signed service information of the access point, the random number of the request, and at least the vendor specific attribute according to the standard of Wi-Fi Alliance.

35. The client receives the response prior to authentication when authentication is to be performed and prior to association when authentication is not be performed.

36. ANQP allows enhancing queries before authentication and association.

37. The ANQP elements include an Icon binary file which contains Icon Binary data. The Icon Binary data ANQP element is received with the response from access point.

38. TP-Link was and is aware that the normal and customary use by end users of the Accused Products infringes the '977 Patent. TP-Link's inducement is ongoing.

39. Brazos has suffered damages as a result of TP-Link's direct and indirect infringement of the '977 Patent in an amount adequate to compensate for TP-Link's infringement, but in no event less than a reasonable royalty for the use made of the invention by TP-Link, together with interest and costs as fixed by the Court.

40. Defendant continued to make, use, sell and/or import Infringing Products, to induce others to engage in such conduct, and/or to contribute to others engaging in such conduct despite knowing that its actions constituted infringement of a valid patent.

41. Accordingly, Defendant acted egregiously and/or knowingly or intentionally when it infringed the '977 Patent.

## IV. JURY DEMAND

42. Plaintiff Brazos hereby demands a jury on all issues so triable.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Brazos respectfully requests that the Court:

(a) enter judgment that TP-Link infringes one or more claims of the '977 Patent literally and/or under the doctrine of equivalents;

(b) enter judgment that TP-Link has induced infringement and continues to induce infringement of one or more claims of the '977 Patent;

(c) enter judgment that TP-Link has contributed to and continues to contribute to the infringement of one or more claims of the '977 Patent;

(d) award Brazos damages, to be paid by TP-Link in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by TP-Link of the '977 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(e) declare this case exceptional pursuant to 35 U.S.C. § 285; and

(f) award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: October 31, 2020

Respectfully submitted,

By: <u>/s/ *Raymond W. Mort, III*</u>
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
**THE MORT LAW FIRM, PLLC**
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 677-6825

Adam G. Price
Texas State Bar No. 24027750
Christopher V. Goodpastor
Texas State Bar No. 00791991
Gregory S. Donahue
Texas State Bar No. 24012539
**DINOVO PRICE LLP**
7000 N. MoPac Expressway
Suite 350
Austin, Texas 78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
Email: aprice@dinovoprice.com
cgoodpastor@dinovoprice.com
gdonahue@dinovoprice.com

**ATTORNEYS FOR PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT**