# EXHIBIT 1

Modified PTO/SB/33 (10-05)

| **PRE-APPEAL BRIEF REQUEST FOR REVIEW** | Docket Number |  |
|  | Q76277 |  |

| Mail Stop AF<br>Commissioner for Patents<br>P.O. Box 1450 Alexandria, VA 22313-1450 | Application Number | Filed |
|  | 10/250,480 | July 2, 2003 |
|  | First Named Inventor |  |
|  | Nicolas CHUBERRE |  |
|  | Art Unit | Examiner |
|  | 2618 | Dominic E. REGO |

WASHINGTON OFFICE
## 23373
CUSTOMER NUMBER

Applicant requests review of the final rejection in the above-identified application.  No amendments are being filed with this request.

This request is being filed with a notice of appeal

The review is requested for the reasons(s) stated on the attached sheet(s).
    Note: No more than five (5) pages may be provided.

☑ I am an attorney or agent of record.
    Registration number    46924

| /Mainak H. Mehta/ |
| Signature |

| Mainak H. Mehta |
| Typed or printed name |

| (202) 293-7060 |
| Telephone number |

| March 8, 2007 |
| Date |

PATENT APPLICATION

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of                                      Docket No:   Q76277

Nicolas CHUBERRE, et al.

Appln. No.: 10/250,480                            Group Art Unit:  2618

Confirmation No.:  2478                           Examiner:  Dominic E. REGO

Filed:  July 2, 2003

For:   A  DEVICE  FOR  OPTIMUM  BROADCASTING  OF  INFORMATION  IN  A
       TELECOMMUNICATION SYSTEM

### PRE-APPEAL BRIEF REQUEST FOR REVIEW

**MAIL STOP AF - PATENTS**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

Pursuant to the new Pre-Appeal Brief Conference Pilot Program, and further to the
Examiner's Final Office Action dated October 10, 2006, Applicant files this Pre-Appeal Brief
Request for Review.  This Request is also accompanied by the filing of a Notice of Appeal.

Applicant turns now to the rejections at issue:

**Independent claims 1, 7, 16**

Applicant disagrees with the Examiner's assertion that Minborg is directed to broadcast
technology, and instead believes that Minborg is only directed to "pull" technology. Further,
Minborg cannot disclose filtering broadcast items, and controlling a switch to filter the items.
Applicant also disagrees with the Examiner's citation of retransmission as recited in claim 7.
These points are explained as follows.

Applicant respectfully submits that Minborg fails to disclose "a device for broadcasting
information in an access network", as recited in independent claims 1, 7 and 16. Minborg
discloses pull technology instead of push technology (i.e., broadcasting) - the opposite
technology of the claimed invention - and fails to disclose "a mechanism configured for filtering

Pre-Appeal Brief Conference Request                    Attorney Docket Q76277
USSN 10/250,480

broadcast information items that controls a switch to filter said information items", as recited in

independent claims 1, 7 and 16. While Minborg discloses filter 861 allowing data objects to be

optimized according to the rendering capabilities of UE 100, applicant respectfully submits that

Minborg does not disclose any mechanism that is (a) configured for filtering broadcast items,

and (b) controls a switch to filter the information items. Applicant respectfully submits that filter

861 of Minborg is not disclosed to control any switch, whereas claim 1 requires that that filtering

mechanism control the switch. While the Examiner characterizes filter 861 as being for "filtering

broadcast information", applicant fails to find such disclosure in Minborg, and believes that

Minborg, being directed only to pull technology and not making any disclosure of using a filter

for filtering broadcast information, does not disclose the feature as explained by the Examiner.

For claim 7, the Examiner agrees that Minborg and Toh do not disclose or suggest the

claimed retransmission mechanism, and proposes to combine Litzenberger with Minborg and

Toh to render obvious this claimed feature. Applicant respectfully submits that the Examiner's

proposed combination fails to disclose or suggest the features recited in claim 7. Applicant

respectfully submits that Litzenberger cannot be properly combined with Minborg and Toh.

Litzenberger is directed to the architecture of a local area network (LAN) for a large scale billing

system for a telephone company, whereas Toh is directed to communication via a mobile

network. Applicant respectfully submits that the transmission mechanism of Litzenberger is not

properly combinable with the mobile communication system of Toh. Litzenberger is concerned

with ensuring that a single copy of call record data is transmitted to various departments in a

telephone company, and does not concern itself with any changes in the area of coverage, or

movement of nodes to and from one another. Any retransmission mechanism combined into Toh

and Minborg would have to be concerned with such changes; otherwise, it is not clear how

Litzenberger would be reconfigured to work with the scheme of Minborg and Toh.

Additionally, applicant respectfully submits that while Litzenberger teaches that the call

record are generated off-line and then broadcast via a LAN to client platforms, Toh requires real-

time transmission of such data in its ad-hoc mobile network. Because Litzenberger requires the

information to be broadcast well after the message was sent while Toh requires immediate

2

Pre-Appeal Brief Conference Request                          Attorney Docket Q76277
USSN 10/250,480

broadcast, applicant respectfully submits that Litzenberger and Toh teach away from each other, and are not properly combinable. Applicant also respectfully disagrees with the Examiner's characterization of column 6, lines 48-60 of Toh as disclosing a synthesizing mechanism. Applicant respectfully submits that the passage cited by the Examiner actually only teaches that intermediate nodes *relay* the information - not *synthesizing* information, as required by claim 7.

Further, applicant respectfully submits that the proposed combination of references fails to disclose or suggest a switch that is controlled by a filter that receives managed profile information, broadcasting information, and routing information, as recited in, and required by, claim 7.

Applicant also respectfully submits that the Examiner's motivation for the combination is insufficient. The Examiner appears to only be requiring that the references *could* be combined, whereas § 103 requires that the references *would* be combined. Additionally, Minborg is directed to pull technology while Toh and Litzenberger are directed to broadcasting, which are opposite teachings from each other.

### **Dependent Claims 2/18**

Applicant respectfully disagrees with the Examiner as to whether the proposed combination discloses or suggests "subjective criteria", as recited in claims 2 and 18. Applicant believes the criteria the Examiner has identified is actually only objective, as explained below.

The Examiner agrees that Minborg alone fails to disclose or suggest that the broadcasting device is installed as a function of subjective criteria, and thus proposes to combine Minborg and Toh, including column 6, line 61 - column 7, line 16 of Toh for the disclosure of "in which said broadcasting device is installed as a function of subjective criteria". However, applicant respectfully submits that the cited portion of Toh discloses whether a source node and/or a destination node is within radio coverage range of its neighbor, as well as such movement by intermediate nodes. As a result of movement and changes in positions of nodes, link changes are made using an associativity characteristic based on the number of "ticks", which is a measure of the relative stability of the connection. Applicant respectfully submits that this metric is based

Pre-Appeal Brief Conference Request                                    Attorney Docket Q76277
USSN 10/250,480

upon collection of data and measurement in view of a method as shown in FIG. 2 of Toh to calculate this objective value.

Claims 2 and 18 require that the broadcasting device is installed as a function of "subjective criteria". As explained in the present application, the term "subjective" may include civil and family status, profession, leisure activities, interests, etc., see page 5, lines 30-33 of the present application. Applicant respectfully submits that "subjective" as recited in claims 2 and 18 and further clarified by the specification is not reasonably disclosed in Minborg or Toh.

Applicant requests further clarification from the Examiner as to how the cited prior art criteria can be considered "subjective", as required by claims 2 and 18.

### Dependent Claim 3

Additionally, applicant respectfully submits that Minborg fails to disclose *a mechanism configured to retransmitting said stored information items*, as recited in claim 3. As admitted by the Examiner with respect to claim 7 at page 7 of the Office Action, Minborg and Toh in combination do not teach or disclose the claimed retransmission medium.

### Dependent Claim 8

Applicant respectfully disagrees with the Examiner's application of inherency in the rejection of claim 8. In the Final Office Action, the Examiner asserts that it is *inherent* for the node disclosed in Minborg, Toh and Litzenberger to have the node operator configure the circuit. However, applicant respectfully submits that the Examiner's assertion of inherency is insufficient and is not the proper standard for determining obviousness under 35 U.S.C. § 103(a). For example, applicant respectfully submits that it is not *necessarily* true that a node operator would configure the circuit, as it the circuit may have been automatically configured without any requirement that a node operator be involved. The controlling law of inherency is cited at pages 15-16 of the January 3, 2007 Amendment.

### Dependent Claims 9/10/12/13/14/15

With respect to the foregoing claims, applicant respectfully submits that the passages cited by the Examiner simply do not properly disclose or suggest the claimed subject matter. The passages identified by the Examiner do not disclose the claimed subject matter.

Pre-Appeal Brief Conference Request                     Attorney Docket Q76277
USSN 10/250,480

     Applicant respectfully submits that Litzenberger cannot perform its operation in real-time with respect to the performance of the actual telephone call, and profile information thus is not updated in real time as required by claim 10. Further, applicant respectfully submits that there is no disclosure in the prior art about the automatic updating as recited in claim 9. With respect to claim 12, applicant respectfully disagrees with the Examiner's assertion that Toh discloses constraints in terms of time delay as recited in claim 12. Further, applicant respectfully submits that Litzenberger does not disclose or suggest about broadcasting when the network load is low, as required by claim 14, or specifying constraints in terms of a routing delay as recited in claim 15.

Respectfully submitted,
 _/Mainak H. Mehta/_____
Mainak H. Mehta
Registration No. 46924

SUGHRUE MION, PLLC
Telephone:  (202) 293-7060
Facsimile:  (202) 293-7860

WASHINGTON OFFICE
23373
CUSTOMER NUMBER

Date:  March 8, 2007

5

PATENT APPLICATION

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of                             Docket No:   Q76277

Nicolas CHUBERRE, et al.

Appln. No.:  10/250,480                          Group Art Unit:  2618

Confirmation No.:  2478                          Examiner:  Dominic E. REGO

Filed:  July 2, 2003

For:   A  DEVICE  FOR  OPTIMUM  BROADCASTING  OF  INFORMATION  IN  A
       TELECOMMUNICATION SYSTEM

## NOTICE OF APPEAL

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

 Applicant hereby appeals to the Board of Patent Appeals and Interferences from the final

Office Action dated October 10, 2006.

 The statutory fee of $500.00 is being paid via the USPTO Electronic Filing System

(EFS). The USPTO is also directed and authorized to charge all required fees, except for the

Issue Fee and the Publication Fee, to Deposit Account No. 19-4880.  Please also credit any

overpayments to said Deposit Account.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td> /Mainak H. Mehta/</td></tr>
<tr><td>SUGHRUE MION, PLLC</td><td>Mainak H. Mehta</td></tr>
<tr><td>Telephone:  (202) 293-7060</td><td>Registration No. 46924</td></tr>
<tr><td>Facsimile:  (202) 293-7860</td><td></td></tr>
</table>

WASHINGTON OFFICE
# 23373
CUSTOMER NUMBER

Date:  March 8, 2007

**PATENT APPLICATION**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of                                    Docket No:   Q76277

Nicolas CHUBERRE, et al.

Appln. No.:  10/250,480                                Group Art Unit:  2618

Confirmation No.:  2478                                Examiner:  Dominic E. REGO

Filed:  July 2, 2003

For:     A DEVICE FOR OPTIMUM BROADCASTING OF INFORMATION IN A
         TELECOMMUNICATION SYSTEM

### PETITION FOR EXTENSION OF TIME UNDER 37 C.F.R. § 1.136

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

 Pursuant to 37 C.F.R. § 1.136, Applicant hereby petitions for an extension of time of two

month(s), extending the time for responding to the Final Office Action dated October 10, 2006 to

March 10, 2007.

 The statutory fee of $450.00 is being paid via the USPTO Electronic Filing System

(EFS). The USPTO is also directed and authorized to charge all required fees, except for the

Issue Fee and the Publication Fee, to Deposit Account No. 19-4880.  Please also credit any

overpayments to said Deposit Account.

           Respectfully submitted,
            /Mainak H. Mehta/
SUGHRUE MION, PLLC     Mainak H. Mehta
Telephone:  (202) 293-7060    Registration No. 46924
Facsimile:  (202) 293-7860

WASHINGTON OFFICE
23373
CUSTOMER NUMBER

Date:  March 8, 2007

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 10250480 |
| **Filing Date:** | 02-Jul-2003 |
| **Title of Invention:** | Optimised data broadcasting device in a telecommunication system |
| First Named Inventor/Applicant Name: | Nicolas Chuberre |
| **Filer:** | Mainak Mehta |
| **Attorney Docket Number:** | Q76277 |

Filed as Large Entity

## U.S. National Stage under 35 USC 371 Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| Notice of appeal | 1401 | 1 | 500 | 500 |
| Post-Allowance-and-Post-Issuance: | | | | |
| **Extension-of-Time:** | | | | |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| Extension - 2 months with $0 paid | 1252 | 1 | 450 | 450 |
| **Miscellaneous:** | | | | |
| **Total in USD ($)** | | | | **950** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 1577953 |
| **Application Number:** | 10250480 |
| **International Application Number:** | |
| **Confirmation Number:** | 2478 |
| **Title of Invention:** | Optimised data broadcasting device in a telecommunication system |
| **First Named Inventor/Applicant Name:** | Nicolas  Chuberre |
| **Customer Number:** | 23373 |
| **Filer:** | Mainak Mehta |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | Q76277 |
| **Receipt Date:** | 08-MAR-2007 |
| **Filing Date:** | 02-JUL-2003 |
| **Time Stamp:** | 21:44:31 |
| **Application Type:** | U.S. National Stage under 35 USC 371 |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment was successfully received in RAM | $950 |
| RAM confirmation Number | 1248 |
| Deposit Account | 194880 |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | | Q76277.pdf | 98404 | yes | 8 |
|---|---|---|---|---|---|

| | Multipart  Description/PDF files in .zip description | | | | |
|---|---|---|---|---|---|
| | **Document Description** | | **Start** | **End** | |
| | Pre-Brief Conference request | | 1 | 1 | |
| | Pre-Brief Conference request | | 2 | 6 | |
| | Notice of Appeal Filed | | 7 | 7 | |
| | Extension of Time | | 8 | 8 | |

**Warnings:**

**Information:**

| 2 | Fee Worksheet (PTO-06) | fee-info.pdf | 8321 | no | 2 |
|---|---|---|---|---|---|

**Warnings:**

**Information:**

| **Total Files Size (in bytes):** | 106725 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

AMENDMENT UNDER 37 C.F.R. § 1.116
EXPEDITED PROCEDURE
GROUP 2618
**PATENT APPLICATION**

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

In re application of                                      Docket No:  Q76277

Nicolas CHUBERRE, et al.

Appln. No.:  10/250,480                          Group Art Unit:  2618

Confirmation No.:  2478                          Examiner:  Dominic E. REGO

Filed:  July 2, 2003

For:    A  DEVICE  FOR  OPTIMUM  BROADCASTING  OF  INFORMATION  IN  A
          TELECOMMUNICATION SYSTEM

<u>**AMENDMENT UNDER 37 C.F.R. § 1.116**</u>

**MAIL STOP AF**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In response to the Office Action dated October 10, 2006, please amend the above-

identified application as follows on the accompanying pages.

**TABLE OF CONTENTS**

AMENDMENTS TO THE SPECIFICATION ............................................................................2

AMENDMENTS TO THE CLAIMS .......................................................................................3

REMARKS ...................................................................................................................8

Amendment Under 37 CFR 1.116                          Attorney Docket No. Q76277
U.S. Application No. 10/250480

## AMENDMENTS TO THE SPECIFICATION

Page 1, before the first paragraph, insert the heading

**Background of the Invention:**

Page 2, before the third full paragraph beginning with "Accordingly, the problem", insert

the heading:

**Summary of the Invention:**

Page 3, before the last paragraph beginning with "Other features", insert the heading:

**Brief Description of the Drawings:**

Page 4, before the second full paragraph beginning with "Thus Figure 1" insert the

following heading:

**Detailed Description of the Invention:**

2

Amendment Under 37 CFR 1.116                                    Attorney Docket No. Q76277
U.S. Application No. 10/250480

## AMENDMENTS TO THE CLAIMS

**This listing of claims will replace all prior versions and listings of claims in the application:**

**LISTING OF CLAIMS:**

1.      (previously presented) A device for broadcasting information in an access network comprising a plurality of interconnected nodes configured for conveying streams of information items between information content providers and receiver terminals, characterized in that said device is installed in one or more network nodes and comprises a node profile management circuit configured by an operator of the network or an operator of the node as a function of objective or subjective criteria and a mechanism configured for filtering broadcast information items that controls a switch to filter said information items.

2.      (previously presented) A broadcasting device according to claim 1, further comprising a mechanism configured for synthesizing downstream node profiles configured for automatically updating the node profile management circuit in which said broadcasting device is installed as a function of subjective criteria.

3.      (previously presented) A broadcasting device according to claim 1, further comprising a cache memory configured for temporarily storing filtered information items and a mechanism configured for retransmitting said stored information items.

Amendment Under 37 CFR 1.116                          Attorney Docket No. Q76277
U.S. Application No. 10/250480

    **4.**      (previously presented) A broadcasting device according to claim 1, characterized

in that it is applied to any type of access network.


    **5.**      (previously presented) A broadcasting device according to claim 1, characterized

in that it is applied to a mobile radio network access network.


    **6.**      (Previously Presented) A broadcasting device according to claim 1, characterized

in that it is applied to a mobile radio network access network using a space segment.


    7. (previously presented) A broadcast network having a plurality of nodes, comprising:

    a node configured to receive input information streams from an upstream node and output

processed information to a downstream node, said node comprising,

    a synthesizing mechanism that receives profile information about the downstream node,

and is configured to synthesize said profile information and supply said synthesized information

to a circuit configured to manage said profile information,

    a filter mechanism configured to receive said managed profile information from said

circuit and broadcasting information and routing information associated with said input

information streams,

    a switch, controlled by said filter mechanism, said switch configured to control

transmission of information items of said upstream node for storage in a cache memory, and

Amendment Under 37 CFR 1.116                                      Attorney Docket No. Q76277
U.S. Application No. 10/250480

a retransmission mechanism configured to retransmit said stored information items to

said downstream node as a function of commands associated with said input information

streams.

8. (previously presented) The network of claim 7, wherein said circuit can be configured

by a network operator or a node operator.

9. (previously presented) The network of claim 7, wherein said profile information is

automatically updated when said profile information integrates a variable component.

10. (previously presented) The network of claim 7, wherein the profile information can

be updated in real time by the synthesizer device.

11. (currently amended) The network of claim 7, wherein said filter mechanism filters

said input information streams in accordance with at least one of subjective criteria and objective

criteria, by comparing said broadcasting information with said managed profile information, and

if a match occurs ~~therebetween~~there between, said managed profile information is stored in said

cache memory.

12. (previously presented) The network of claim 7, wherein said information items are

broadcast, and each of said information items comprises a header that specifies broadcasting

criteria of said information item, and constraints in terms of time delay.

Amendment Under 37 CFR 1.116                                      Attorney Docket No. Q76277
U.S. Application No. 10/250480

13. (previously presented) The network of claim 7, wherein when the profile of said node as determined by said circuit conforms to the broadcast criteria associated with one of said information items of said an input information stream, the filter mechanism commands the switch to retain the information item in said cache memory.

14. (previously presented) The network of claim 7, wherein the cache memory is configured to enable information to be broadcast during periods in which the load on the network is low.

15. (previously presented) The network of claim 7, wherein each of said information items are associated with retransmission commands specifying constraints in terms of a routing delay, so as to determine the type of retransmission as a function of the retransmission commands associated with the information items.

16. (previously presented) A broadcast network having a plurality of nodes, comprising:
        a node configured to receive input information streams from an upstream node and output processed information to a downstream node, said node comprising,
        a circuit configured to manage profile information of said downstream node,
        a filter mechanism configured to receive said managed profile information from said circuit and broadcasting information and routing information associated with said input information streams, and

a switch, controlled by said filter mechanism, said switch configured to control

retransmission of information items of said input information streams whose broadcasting

criteria correspond to criteria of the profile of the downstream node.


17. (previously presented) The broadcast network of claim 16, wherein if broadcasting

criteria of an information item does not correspond to the criteria of the profile of the

downstream node, the filter mechanism commands the switch to discard the information item.


18. (previously presented) The broadcast network of claim 16, further comprising a

synthesizing mechanism that receives profile information about the downstream node, and is

configured to synthesize said profile information and supply said synthesized information to said

circuit, and automatically update the circuit in which the device is installed as a function of

subjective criteria.

Amendment Under 37 CFR 1.116                    Attorney Docket No. Q76277
U.S. Application No. 10/250480

## REMARKS

Claims 1-18 are all the claims pending in the application. By this Amendment, the

specification and claim 11 are amended for the purpose of clarity. In view of the foregoing

amendments and following remarks, applicant respectfully requests withdrawal of the rejections,

and allowance of the claims.

### I.       Objection to the claims and specification

The Examiner objects to claim 11 and the specification alleged informalities. As shown

in the foregoing  amendments, applicant has amended the application in manner that does not

add new matter, and merely overcome the Examiner's objections. Additionally, applicant

respectfully submits that the plain and ordinary meaning of "therebetween" is acceptable, and

requests further clarification for this objection. However, to expedite prosecution, applicant has

amended claim 11.

Accordingly, withdrawal of the objections is respectfully requested.

### II.      Claims 1 and 3-6 are not anticipated

Claims 1 and 3-6 stand rejected under 35 U.S.C. § 102 over Minborg. Applicant

respectfully submits that Minborg fails to disclose all of the claimed combinations of features, as

required for an anticipation rejection under 35 U.S.C. § 102. Applicant respectfully requests

withdrawal of the rejection and allowance of claims 1 and 3-6.

The presently claimed invention relates to a device that performs broadcasting in an

access network having interconnected nodes that are configured for conveying streams of

information items between information content providers and receiver terminals. Further, the

device is installed in a network node and includes a node profile management circuit configured

Amendment Under 37 CFR 1.116                               Attorney Docket No. Q76277
U.S. Application No. 10/250480

by an operator as a function of objective or subjective criteria, as well as a mechanism

configured for filtering broadcast information items; the mechanism for filtering controls a

switch to filter the broadcast said information items.

Minborg discloses a method and apparatus for information exchange in a communication

network. As explained throughout its disclosure, Minborg relates to "pull" technology, that is, a

user dials a number, and then a data object known as a phonepage is provided to that user, as

well as the other part on the phone line. However, Minborg does not disclose anything more than

a two-party conversation, and does not include broadcast items, or broadcast filter items. Further,

Minborg does not disclose or even suggest "push" technology, and further discloses that the

display of information to the B-party may be made dependent on the A-party. Applicant

respectfully submits that Minborg cannot be considered to be directed to "push" technology.

Applicant respectfully submits that Minborg fails to disclose all of the features recited in

independent claim 1. For example, but not by way of limitation, applicant respectfully submits

that Minborg fails to disclose "a device for broadcasting information in an access network", as

recited in claim 1. As explained above, Minborg discloses pull technology instead of push

technology (i.e., broadcasting). Thus, applicant respectfully submits that Minborg is directed to

the opposite technology of the claimed invention.

Further applicant respectfully submits that Minborg fails to disclose "a mechanism

configured for filtering broadcast information items that controls a switch to filter said

information items", as recited in independent claim 1. While Minborg discloses filter 861

allowing data objects to be optimized according to the rendering capabilities of UE 100,

applicant respectfully submits that Minborg does not disclose any mechanism that is (a)

Amendment Under 37 CFR 1.116                            Attorney Docket No. Q76277
U.S. Application No. 10/250480

configured for filtering broadcast items, and (b) controls a switch to filter the information items.

Applicant respectfully submits that filter 861 of Minborg is not disclosed to control any switch.

Because claim 1 requires that that filtering mechanism control the switch, applicant respectfully

submits that Minborg does not disclose all of the features recited in claim 1.

At the bottom of page 3 of the Office Action, the Examiner characterizes filter 861 as

being for "filtering broadcast information". However, applicant fails to find such disclosure in

Minborg, and believes that Minborg, being directed only to pull technology and not making any

disclosure of using a filter for filtering broadcast information, does not disclose the feature in the

manner explained by the Examiner.

Claims 2-6 depend from independent claim 1, and are believed to be allowable at least by

virtue of their dependency from claim 1, which is believed to be allowable for at least the reasons

discussed above.

Additionally, applicant respectfully submits that Minborg fails to disclose *a mechanism*

*configured to retransmitting said stored information items*, as recited in claim 3. As admitted by

the Examiner with respect to claim 7 at page 7 of the Office Action, Minborg and Toh in

combination do not teach (much less disclose) a retransmission medium. As claim 3 also recites

this feature, applicant respectfully submits that the Examiner's admission with respect to this

feature of claim 7 also applies to claim 3. Additionally, applicant respectfully submits that claim

3 requires filtering of broadcast information items, which is not disclosed in Minborg, as

discussed above with respect to claim 1. For at least these additional reasons, applicant

respectfully requests withdrawal of the rejection of claim 3.

Amendment Under 37 CFR 1.116                          Attorney Docket No. Q76277
U.S. Application No. 10/250480

For at least the foregoing reasons, applicant respectfully requests withdrawal of the

rejections, and allowance of the claims.

### III.    Claim 2 would not have been obvious

Claim 2 stands rejected due to alleged obviousness under 35 U.S.C. § 103(a) based on the

Examiner's proposed combination of Minborg and Toh. Applicant respectfully submits that the

Examiner's proposed combination fails to disclose or suggest all of the features recited in claim

2.

As a preliminary matter, applicant respectfully submits that claim 2 is allowable due at

least to its dependency from independent claim 1, which is believed to be allowable for at least

the reasons discussed above.

The Examiner agrees that Minborg fails to disclose or suggest that the broadcasting

device is installed as a function of subjective criteria, as recited in claim 2, and thus proposes to

combine Minborg and Toh for the purpose of overcoming this admitted deficiency. However,

applicant respectfully submits that the combination of Toh into Minborg fails to cure this

admitted deficiency of Minborg.

Toh is directed to a routing method for ad-hoc mobile networks, including broadcasting.

The Examiner cites to column 6, line 61 - column 7, line 16 for the disclosure of "in which said

broadcasting device is installed as a function of subjective criteria". However, applicant

respectfully submits that the cited portion of Toh whether a source node and/or a destination

node is within radio coverage range of its neighbor, as well as such movement by intermediate

nodes. As a result of movement and changes in the positions of nodes, link changes are made,

and using an associativity characteristic at each mobile host. This associativity characteristic is

Amendment Under 37 CFR 1.116                          Attorney Docket No. Q76277
U.S. Application No. 10/250480

based on the number of "ticks", which is a measure of the relative stability of the connection.

Applicant respectfully submits that this metric is based upon collection of data and measurement

in view of a method as shown in FIG. 2 to calculate this objective value.

In contrast, claim 2 requires that the broadcasting device is installed as a function of

"subjective criteria". As explained in the specification of the present application, the term

"subjective" may include, for example but not by way of limitation, civil and family status,

profession, leisure activities, interests, etc., see page 5, lines 30-33 of the present application.

Applicant respectfully submits that "subjective" as recited in claim 2 and further clarified

by the specification is not disclosed in Minborg or Toh, and the only possible characterization of

the passage of Toh cited by the Examiner is objective.

For at least the foregoing reasons, applicant respectfully requests withdrawal of the

rejections, and allowance of claim 2.

### IV.    Claims 7-10, 12-16 and 18 would not have been obvious

Claims 7-10, 12-16 and 18 stand rejected under 35 U.S.C. § 103(a) due to alleged

obviousness based on the Examiner's proposed combination of Minborg and Toh with

Litzenberger. Applicant respectfully submits that the Examiner's proposed combination fails to

disclose or suggest all of the claimed combinations of features, and thus requests withdrawal of

the rejections, and allowance of the claims.

Claim 7 requires a filter mechanism configured to receive managed profile information

from the circuit and broadcasting information and routing information associated with the input

streams. The Examiner asserts that Minborg discloses this feature. As explained above with

respect to claim 1, applicant respectfully submits that Minborg does not disclose this claimed

Amendment Under 37 CFR 1.116                          Attorney Docket No. Q76277
U.S. Application No. 10/250480

feature, at least because (a) Minborg is not directed to broadcasting and thus does not disclose

broadcasting information items, and (b) the filter 861 of Minborg is not disclosed to control a

switch. For at least these same reasons, applicant respectfully submits that Minborg fails to

disclose or suggest all of the similar features recited in independent claim 7.

Further, the Examiner agrees that Minborg and Toh do not disclose or suggest a

retransmission mechanism as recited in claim 7, and proposes to combine Litzenberger with

Minborg and Toh to render obvious this claimed feature.

Applicant respectfully submits that the Examiner's proposed combination of references

fails to disclose or suggest all of the claimed combinations of features recited in claim 7. As

explained above, Minborg does not disclose or suggest a filter mechanism that receives

broadcasting information as recited in claim 7, and applicant respectfully submits that the

Examiner's proposed combination fails to cure these admitted deficiencies.

For example, but not by way of limitation, applicant respectfully submits that

Litzenberger cannot be properly combined with Minborg and Toh. Litzenberger is directed to the

architecture of a local area network (LAN) for a large scale billing system for a telephone

company. On the other hand, Toh is directed to communication via a mobile network. Applicant

respectfully submits that the transmission mechanism of Litzenberger is not properly combinable

with the mobile communication system of Toh. Litzenberger is concerned with ensuring that a

single copy of call record data is transmitted to various departments in a telephone company, and

does not concern itself with any changes in the area of coverage, or movement of nodes to and

from one another. Any retransmission mechanism combined into Toh and Minborg would have

to be concerned with such changes; otherwise, it is not clear how Litzenberger would be

Amendment Under 37 CFR 1.116                          Attorney Docket No. Q76277
U.S. Application No. 10/250480

reconfigured to work with the scheme of Minborg and Toh. For at least this reason, applicant

respectfully submits that the Examiner's proposed combination is improper and should be

withdrawn.

Additionally, applicant respectfully submits that while Litzenberger teaches that the call

record are generated off-line and then broadcast via a LAN to client platforms, Toh requires real-

time transmission of such data in its ad-hoc mobile network. Because Litzenberger requires the

information to be broadcast well after the message was sent while Toh requires immediate

broadcast, applicant respectfully submits that Litzenberger and Toh teach away from each other,

and are not properly combinable.

Applicant also respectfully disagrees with the Examiner's characterization of column 6,

lines 48-60 of Toh as disclosing a synthesizing mechanism. Applicant respectfully submits that

the passage cited by the Examiner actually only teaches that intermediate nodes *relay* the

information. Applicant respectfully submits that relaying information does not disclose

*synthesizing* information, as required by claim 7.

Thus, applicant respectfully submits that the Examiner's proposed combination of

Minborg, Toh and Litzenbeger is not proper and fails to teach or suggest the retransmission

mechanism as recited in claim 7. Further, as explained above, applicant respectfully submits that

the proposed combination of references fails to disclose or suggest a switch that is controlled by

a filter that receives managed profile information, broadcasting information, and routing

information, as recited in, and required by, claim 7.

Applicant also respectfully submits that the Examiner's motivation for the combination is

insufficient. The Examiner appears to only be requiring that the references *could* be combined,

Amendment Under 37 CFR 1.116                              Attorney Docket No. Q76277
U.S. Application No. 10/250480

whereas under 35 U.S.C. § 103(a) requires that the references *would* be combined. Based on this,

applicant respectfully submits that the Examiner has not shown sufficient motivation to combine

the references, and that the combination is improper and must thus be withdrawn. As noted

above, Minborg is directed to pull technology while Toh and Litzenberger are directed to

broadcasting. Applicant respectfully submits that the references teach away from each other at

least in this way.

Claims 8-15 depend from independent claim 7, and are believed to be allowable for at

least the same reasons as discussed above with respect to independent claim 7. Further, applicant

respectfully submits that the dependent claims are also allowable for the following additional

reasons.

With respect to claim 8, the Examiner asserts that it is inherent for the node disclosed in

Minborg, Toh and Litzenberger to have the node operator configure the circuit. However,

applicant respectfully submits that the Examiner's assertion of inherency is insufficient and is

not the proper standard for determining obviousness under 35 U.S.C. § 103(a). For example,

applicant respectfully submits that it is not necessarily true that a node operator would configure

the circuit, as it the circuit may have been automatically configured without any requirement that

a node operator be involved.

The controlling law of inherency is clear with respect to its requirements. Just because a

characteristic exists in the prior art is insufficient to establish inherency. *In re Rijckaert*, 9 F.3d

1531, 1534, 28 USPQ2d 1955, 1957 (Fed. Cir. 1993); *In re Oelrich*, 666 F.2d 578, 581-82, 212

USPQ 323, 326 (CCPA 1981). As explained in *In re Robertson*, 169 F.3d 743, 745, 49 USPQ2d

1949, 1950-51 (Fed. Cir. 1999), "The mere fact that a certain thing may result from a given set of

Amendment Under 37 CFR 1.116                        Attorney Docket No. Q76277
U.S. Application No. 10/250480

circumstances is not sufficient." Further, "[a]n invitation to investigate is not an inherent

disclosure" where a prior art reference "discloses no more than a broad genus of potential

applications of its discoveries." *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d

1354, 1367, 71 USPQ2d 1081, 1091 (Fed. Cir. 2004). Moreover, "…the examiner must provide

a basis in fact and/or technical reasoning to reasonably support the determination that the

allegedly inherent characteristic necessarily flows from the teachings of the applied prior art." *Ex*

*parte Levy*, 17 USPQ2d 1461, 1464 (Bd. Pat. App. & Inter. 1990) (emphasis in original)

Applicant also refers the Examiner to MPEP 2112.

    For at least the foregoing reasons, applicant respectfully submits that the rejection of

claim 8 lacks a sufficient basis in view of "inherency", and that it should therefore be withdrawn.

    Turning to claims 9 and 10, applicant respectfully submits that the passage cited by the

Examiner fails to disclose or suggest the claimed subject matter. Further, applicant respectfully

submits that Litzenberger cannot perform its operation in real-time with respect to the

performance of the actual telephone call, and profile information thus is not updated in real time

as required by claim 10. Further, applicant respectfully submits that there is no disclosure about

the automatic updating as recited in claim 9.

    With respect to claim 12, applicant respectfully disagrees with the Examiner's assertion

that Toh discloses constraints in terms of time delay as recited in claim 12. Applicant

respectfully requests further clarification of the Examiner's basis for this characterization.

Similarly, applicant respectfully disagrees with the Examiner's characterizations of the cited

passages of the prior art with respect to claims 13-15, and thus also requests further clarification

thereof. For example but not by way of limitation, Litzenberger does not disclose or suggest

16

Amendment Under 37 CFR 1.116                                    Attorney Docket No. Q76277
U.S. Application No. 10/250480

about broadcasting when the network load is low, as required by claim 14, or specifying

constraints in terms of a routing delay as recited in claim 15.

Turning to independent claim 16, a filter mechanism configured to receive managed

profile information from the circuit, and broadcasting information and routing information

associated with the input information streams, is recited. Claim 16 also recites a switch

controlled by the filter mechanism. The Examiner asserts that Minborg discloses this feature. As

explained above with respect to claims 1 and 7, applicant respectfully submits that Minborg does

not disclose this claimed feature, at least because (a) Minborg is not directed to broadcasting and

thus does not disclose broadcasting information items, and (b) the filter 861 of Minborg is not

disclosed to control a switch. For at least these same reasons, applicant respectfully submits that

Minborg fails to disclose or suggest all of the similar features recited in independent claim 16.

Further, the Examiner agrees that Minborg and Toh do not disclose or suggest a switch

configured to control retransmission as recited in claim 16, and proposes to combine

Litzenberger with Minborg and Toh to render obvious this claimed feature.

As explained above, Minborg does not disclose or suggest a filter mechanism that

receives broadcasting information as recited in claim 16, and applicant respectfully submits that

the Examiner's proposed combination fails to cure these admitted deficiencies. Applicant also

submits that the references cannot be properly combined for at least the reasons discussed above

with respect to claim 7.

Thus, applicant respectfully submits that the Examiner's proposed combination of

Minborg, Toh and Litzenbeger is not proper and fails to teach or suggest a switch that is

Amendment Under 37 CFR 1.116                              Attorney Docket No. Q76277
U.S. Application No. 10/250480

controlled by a filter that receives managed profile information, broadcasting information, and routing information, as recited in, and required by, claim 16.

With respect to claim 18, applicant respectfully submits that the proposed combination of references fails to disclose or suggest the subjective criteria recited in claim 18. As explained above with respect to claim 2, Toh fails to cure this admitted deficiency of Minborg.

For at least the foregoing reasons, applicant respectfully requests withdrawal of the rejections, and allowance of claims 7-10, 12-16 and 18.

### V.     Claim 17 would not have been obvious

Claim 17 stands rejected under 35 U.S.C. §103(a) due to alleged obviousness based on the Examiner's proposed combination of Minborg, Toh, Litzenberger and Mallard. Applicant respectfully submits that claim 17 is allowable at least by virtue of its dependency from independent claim 16, which is believed to be allowable for at least the reasons discussed above. Additionally, applicant respectfully submits that the combination of the references is improper and lacks sufficient motivation as explained above.

### VI.     Claim 11 would not have been obvious

Claim 11 stands rejected under 35 U.S.C. §103(a) due to alleged obviousness based on the Examiner's proposed combination of Minborg, Toh, Litzenberger and Funaya. Applicant respectfully submits that claim 11 is allowable at least by virtue of its dependency from independent claim 7, which is believed to be allowable for at least the reasons discussed above. Additionally, applicant respectfully submits that the combination of the references is improper and lacks sufficient motivation as explained above.

### VII.     Conclusion

Amendment Under 37 CFR 1.116                          Attorney Docket No. Q76277
U.S. Application No. 10/250480

In view of the above, reconsideration and allowance of this application are now believed

to be in order, and such actions are hereby solicited.  If any points remain in issue which the

Examiner feels may be best resolved through a personal or telephone interview, the Examiner is

kindly requested to contact the undersigned at the telephone number listed below.

The USPTO is directed and authorized to charge all required fees, except for the Issue

Fee and the Publication Fee, to Deposit Account No. 19-4880.  Please also credit any

overpayments to said Deposit Account.

Respectfully submitted,

_/Mainak H. Mehta/_____

SUGHRUE MION, PLLC                        Mainak H. Mehta
Telephone:  (202) 293-7060                Registration No. 46,924
Facsimile:  (202) 293-7860
WASHINGTON OFFICE
23373
CUSTOMER NUMBER

Date:  January 4, 2007

19

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 1415018 |
| **Application Number:** | 10250480 |
| **International Application Number:** | |
| **Confirmation Number:** | 2478 |
| **Title of Invention:** | Optimised data broadcasting device in a telecommunication system |
| **First Named Inventor/Applicant Name:** | Nicolas  Chuberre |
| **Customer Number:** | 23373 |
| **Filer:** | Mainak Mehta |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | Q76277 |
| **Receipt Date:** | 03-JAN-2007 |
| **Filing Date:** | 02-JUL-2003 |
| **Time Stamp:** | 22:39:44 |
| **Application Type:** | U.S. National Stage under 35 USC 371 |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | Q76277.pdf | 128700 | yes | 19 |

**Multipart  Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Amendment After Final | 1 | 1 |
| Specification | 2 | 2 |
| Claims | 3 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 19 |

| **Warnings:** |
|---|

| **Information:** |
|---|

| **Total Files Size (in bytes):** | 128700 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective January 1, 2003

Application or Docket Number

10 / 250480

## CLAIMS AS FILED - PART I

| | (Column 1) | (Column 2) |
|---|---|---|
| TOTAL CLAIMS | | |
| FOR | NUMBER FILED | NUMBER EXTRA |
| TOTAL CHARGEABLE CLAIMS | 6 minus 20= | 1 |
| INDEPENDENT CLAIMS | 1 minus 3 = | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | ☐ |

* If the difference in column 1 is less than zero, enter "0" in column 2

| SMALL ENTITY TYPE ☐ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | FEE | | RATE | FEE |
| BASIC FEE | 375.00 | OR | BASIC FEE | 750.00 |
| X$ 9= | | OR | X$18= | |
| X42= | | OR | X84= | |
| +140= | | OR | +280= | |
| TOTAL | | OR | TOTAL | |

## CLAIMS AS AMENDED - PART II

7/24/06

### AMENDMENT A

| (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|
| Total | 18 | Minus ** 20 | = |
| Ind. pendent | 3 | Minus *** 3 | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | ☐ |

| SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
| X$ 9= | | OR | X$18= | |
| X42= | | OR | X84= | |
| +140= | | OR | +280= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|
| Total | 18 | Minus ** 20 | = — |
| Independent | 3 | Minus *** 3 | = — |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | ☐ |

(01/03/07)

| SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
| X$ 9= | | OR | X$18= | |
| X42= | | OR | X84= | |
| +140= | | OR | +280= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|
| Total | Minus ** | = |
| Independent | Minus *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | ☐ |

| SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
| X$ 9= | | OR | X$18= | |
| X42= | | OR | X84= | |
| +140= | | OR | +280= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875   (Rev. 12/02)      *U.S. Government Printing Office: 2003 — 630-278/69151      Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE