**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>      Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGY CO., LTD.,<br><br>     Defendant. | Civil Action No. 6:20-cv-1021-ADA<br><br>**JURY TRIAL DEMANDED** |
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>      Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGY CO., LTD.,<br><br>     Defendant. | **Civil Action No. 6:20-cv-1021-ADA**<br>Related Actions:<br>Civil Action No. 6:20-cv-1012-ADA<br>Civil Action No. 6:20-cv-1013-ADA<br>Civil Action No. 6:20-cv-1014-ADA<br>Civil Action No. 6:20-cv-1015-ADA<br>Civil Action No. 6:20-cv-1016-ADA<br>Civil Action No. 6:20-cv-1017-ADA<br>Civil Action No. 6:20-cv-1018-ADA<br>Civil Action No. 6:20-cv-1019-ADA<br>Civil Action No. 6:20-cv-1020-ADA<br>Civil Action No. 6:20-cv-1022-ADA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT TP-LINK TECHNOLOGIES CO., LTD.'S ANSWER TO PLAINTIFF WSOU INVESTMENTS, LLC'S COMPLAINT

Subject to and reserving all rights, including rights to appeal, associated with its objections to service of process and personal jurisdiction, Defendant TP-Link Technologies, Co., Ltd. ("TP-Link China")[1] files this Answer to Plaintiff WSOU Investments, LLC, d/b/a Brazos

---

[1] WSOU incorrectly named "TP-Link Technology Co., Ltd." as the defendant in this action; the actual name of the company is "TP-Link Technologies Co., Ltd."

Licensing and Development's ("WSOU") Complaint for Patent Infringement and Jury Demand ("Complaint").

TP-Link China responds to each of the Complaint's numbered paragraphs as follows:

## I.      NATURE OF ACTION

1.      TP-Link China admits that WSOU filed its Complaint pursuant to 35 U.S.C. §§ 1 *et seq*.  TP-Link China denies the remaining allegations.

2.      TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.  TP-Link China denies that any valid patent is infringed.

3.      TP-Link China denies the allegations in this paragraph of the Complaint.

4.      TP-Link China denies the allegations in this paragraph of the Complaint.

## II.     PARTIES

5.      TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.

6.      TP-Link China denies the allegations in this paragraph of the Complaint.

7.      The allegations of this paragraph contain legal conclusions as to which no response is required.  To the extent that a response is required, TP-Link China denies the allegations of this paragraph.

8.      TP-Link China admits that it manufactures some electronics products.  TP-Link China denies the remaining allegations.

## III.    JURISDICTION AND VENUE

9.      TP-Link China admits that the action purports to state a cause of action for patent infringement based on Title 35, United States Code, and that jurisdiction in this action is based on Title 28, United States Code, §§ 1331, 1338(a), or alternatively Fed. R. Civ. P. 4(k)(2).  TP-

Link China, however, denies that the Complaint states a valid cause of action and that there is jurisdiction over TP-Link China.

10.     TP-Link China denies the allegations in this paragraph of the Complaint.

11.     TP-Link China denies the allegations in this paragraph of the Complaint.

12.     TP-Link China denies the allegations in this paragraph of the Complaint.

13.     TP-Link China admits that venue in this action is purportedly based on Title 28, United States Code, § 1391 (c)(3).  TP-Link China, however, denies that the Complaint states a valid cause of action and that venue is proper.

14.     TP-Link China admits that venue in this action is purportedly based on Title 28, United States Code, § 1400(b).  TP-Link China, however, denies that the Complaint states a valid cause of action and that venue is proper.

15.     TP-Link China denies the allegations in this paragraph of the Complaint.

### <u>INFRINGEMENT OF U.S. PATENT NO. 9,548,977</u>

16.     TP-Link China incorporates by reference each of its responses in the paragraphs above as if fully set forth herein.

17.     TP-Link China admits that on its face U.S. Patent No. 9,548,977 indicates it is titled "System, method, and apparatus for performing reliable network, capability, and service discovery" and bears the issue date of January 17, 2017.

18.     TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.

19.     TP-Link China admits that this paragraph of the Complaint appears to recite the language of claim 1 of the '977 patent.  TP-Link China denies the remaining allegations and infringement.

20.     TP-Link China denies the allegations in this paragraph of the Complaint.

21.     TP-Link China denies the allegations in this paragraph of the Complaint.

22.     TP-Link China denies the allegations in this paragraph of the Complaint.

23.     TP-Link China admits that this paragraph of the Complaint cites to a URL address that may link to some or all of the quoted language; however, TP-Link China denies the remaining allegations and infringement.

24.     TP-Link China denies the allegations in this paragraph of the Complaint.

25.     TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.

26.     TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.

27.     TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.

28.     TP-Link China denies the allegations in this paragraph of the Complaint.

29.     TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.

30.     TP-Link China denies the allegations in this paragraph of the Complaint.

31.     TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.

32.     TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.

33.     TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.

34.     TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.

35.     TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.

36.     TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.

37.     TP-Link China lacks sufficient information upon which to admit or deny the allegations of this paragraph, and on that basis, denies them.

38.     TP-Link China denies the allegations in this paragraph of the Complaint.

39.     TP-Link China denies the allegations in this paragraph of the Complaint.

40.     TP-Link China denies the allegations in this paragraph of the Complaint.

41.     TP-Link China denies the allegations in this paragraph of the Complaint.

## IV.    JURY DEMAND

42.     The jury demand is a legal averment to which a responsive pleading is not required pursuant to Fed. R. Civ. P. 8.  To the extent the Court deems any allegations to be factual and substantive, they are denied.

## V.    WSOU'S REQUEST FOR RELIEF

TP-Link China denies all allegations not specifically admitted herein, and further denies that WSOU is entitled to the judgment and relief requested in Paragraphs V.(a)-(f) of the Complaint, or to any other relief.  TP-Link China respectfully requests that the Court: (a) dismiss the Complaint with prejudice; (b) enter judgment in favor of TP-Link China; (c) award to TP-Link China the reasonable attorneys' fees and costs of defending this action pursuant to 35 U.S.C. § 285; and (d) award TP-Link China such further relief as the Court deems just and appropriate.

## ADDITIONAL DEFENSES

Without prejudice to the denials set forth in its responses to Paragraphs 1 through 42 of the Complaint, TP-Link China asserts the following separate defenses to the claims and allegations in the Complaint.  TP-Link China expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### FIRST ADDITIONAL DEFENSE

### (Failure to State a Claim)

43.    WSOU's claims for alleged infringement of the '977 patent fail to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

### (Non-Infringement)

44.    TP-Link China does not infringe and has not infringed any valid and enforceable claims of the '977 patent, whether directly or indirectly, literally or under the doctrine of equivalents.

### THIRD ADDITIONAL DEFENSE

### (Invalidity)

45.    One or more claims of the '977 patent is invalid for failure to comply with one or more requirements for patentability under the patent laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH ADDITIONAL DEFENSE

### (Estoppel)

46.    WSOU's requested relief is barred, in whole or in part, by the doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel arising from the

patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the '977 patent.

## FIFTH ADDITIONAL DEFENSE

### (Statute of Limitations)

47.     To the extent WSOU seeks recovery for any alleged infringement committed more than six years prior to the filing of the Complaint, such recovery is barred by 35 U.S.C. § 286.

## SIXTH ADDITIONAL DEFENSE

### (Lack of Standing)

48.     Upon information and belief, WSOU lacks standing to sue for infringement of, or assert any rights in, the patent-in-suit.

## SEVENTH ADDITIONAL DEFENSE

### (Marking)

49.     Plaintiff's damages claims are barred by failure to comply with the requirements of 35 U.S.C. § 287.

## EIGHTH ADDITIONAL DEFENSE

### (Limitation on Recovery of Costs)

50.     WSOU is precluded from seeking recovery of costs by 35 U.S.C. § 288.

## NINTH ADDITIONAL DEFENSE

### (Equity)

51.     On information and belief, some or all of WSOU's claims for relief are barred, in whole or in part, by the doctrines of waiver, implied waiver, acquiescence, equitable estoppel,

promissory estoppel, patent misuse, unfair competition, unclean hands, and/or other equitable

remedies.

## TENTH ADDITIONAL DEFENSE

### (Insufficient Service of Process)

52.     WSOU has not effected service sufficient to commence the pending action.  *See*,

*e.g.*, Fed. R. Civ. Proc. 12(b)(5).

## ELEVENTH ADDITIONAL DEFENSE

### (Lack of Personal Jurisdiction)

53.     This court lacks personal jurisdiction over TP-Link China.  *See, e.g.*, Fed. R. Civ.

Proc. 12(b)(2).

## TWELFTH ADDITIONAL DEFENSE

### (License)

54.     To the extent the '977 patent has been licensed to TP-Link China customers or

suppliers or other third-parties, WSOU's claims are barred, in whole or in part, by express

license, release, and/or under the doctrines of implied license, patent exhaustion, and/or the

single recovery rule.

## THIRTEENTH ADDITIONAL DEFENSE

### (Non-Compliance with Standard Setting Organization Undertakings and Obligations)

55.     WSOU's claims for relief are limited and/or barred, in whole or in part, to the

extent it or any predecessor-in-interest to the '977 patent undertook an obligation to a standards-

setting organization, and to the extent that WSOU or any predecessor-in-interest to the '977 patent

breached a commitment to offer a license to the '977 patent on fair, reasonable and non-

discriminatory and/or reasonable and non-discriminatory terms, breached any disclosure

requirements, and/or based on other circumstances.

## FOURTEENTH ADDITIONAL DEFENSE

### (Contractual Limitation on Damages)

56.     WSOU's claims for monetary relief are limited to the extent it or any predecessor-

in-interest to the '977 patent undertook an obligation to license the '977 patent on fair, reasonable,

and non-discriminatory and/or reasonable and non-discriminatory terms.

## PRAYER FOR RELIEF

TP-Link China respectfully requests that this Court enter judgment in its favor against

WSOU, and grant the following relief:

A.  A judgment dismissing WSOU's Complaint against TP-Link China in its entirety with

prejudice;

B.  An Order declaring that WSOU, its officers, directors, agents, servants, employees, and

attorneys, and those persons in active concert with them, take nothing on the claims

asserted in the Complaint;

C.  A Declaration that TP-Link China has not infringed any valid claim of any of the '977

patent and is not liable on Count 1;

D.  All costs be taxed against WSOU;

E.  A finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding TP-Link

China its reasonable attorneys' fees, expenses, and costs incurred in connection with this

action;

F.  An award to TP-Link China its costs, expenses, disbursements, and attorneys' fees

incurred in connection with this action; and

G.  Any such other relief in favor of TP-Link China and against WSOU as the Court may

deem appropriate and just under the circumstances.

### JURY DEMAND

TP-Link China requests a jury trial for those issues so triable herein.


Dated:  September 15, 2021                          Respectfully submitted,

                                                   FISH & RICHARDSON P.C.

                                                   By:  */s/ John T. Johnson*
                                                         John T. Johnson (*pro hac vice*)
                                                         jjohnson@fr.com
                                                         Jeffrey C. Mok (*pro hac vice*)
                                                         jmok@fr.com
                                                         7 Times Square, 20th Floor
                                                         New York, NY 10036
                                                         Tel: (212) 765-5070
                                                         Fax: (212) 258-2291

                                                         David M. Hoffman
                                                         Texas Bar No. 24046084
                                                         hoffman@fr.com
                                                         111 Congress Avenue, Suite 810
                                                         Austin, TX 78701
                                                         Tel: (512) 472-5070
                                                         Fax: (512) 320-8935

                                                   **COUNSEL FOR DEFENDANT,**
                                                   **TP-LINK TECHNOLOGIES CO., LTD.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on September 15, 2021, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(b)(1).

*/s/ John T. Johnson*
John T. Johnson

31208927.docx